1
2
3
4
5
6
7
8

9    UNITED STATES DISTRICT COURT

10    SOUTHERN DISTRICT OF CALIFORNIA

11

12    EARLE S. HOWARD,

13                               Plaintiff,

14    v.

15    S.D. CAL,

16                               Defendant.

17
18
19

Case No.:  23-cv-1271-BAS-BLM

**ORDER TO PAY FILING FEE OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS**

20        Plaintiff Earle S. Howard, who is proceeding pro se and is currently incarcerated at

21    the California Health Care Facility ("CHCF"), has filed a civil rights action pursuant to 42

22    U.S.C. § 1983. (Compl., ECF No. 1.) He has neither prepaid the civil filing fee required by

23    28 U.S.C. § 1914(a) nor filed a motion to proceed in forma pauperis ("IFP").

24        All parties instituting any civil action, suit, or proceeding in a district court of the

25    United States, except an application for writ of habeas corpus, must pay a filing fee of

26
27
28

1

23cv1271

$402. *See* 28 U.S.C. § 1914(a).[1] An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner, as Plaintiff is here, even if he is granted leave to commence his suit IFP, he will remain obligated to pay the entire filing fee in "increments," *see Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), regardless of whether his case is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1), (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff has not prepaid the $402 in filing and administrative fees required to commence this civil action and he has not filed a Motion to Proceed IFP which complies with 28 U.S.C. § 1915(a)(1) and (2). Therefore, his case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Andrews*, 493 F.3d at 1051.

Accordingly, the Court:

(1)     **DISMISSES** this civil action *sua sponte* without prejudice based on Plaintiff's failure to pay the $402 civil filing and administrative fee or to submit a Motion to Proceed IFP pursuant to 28 U.S.C. § 1914(a) and § 1915(a);

(2)     **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is filed to: (a) prepay the entire $402 civil filing and administrative fee in full or (b) complete and file a properly supported Motion to Proceed IFP, *see* 28 U.S.C. § 1915(a)(2); CivLR 3.2(b); and

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2014)). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

23cv1271

(3)    **DIRECTS** the Clerk of the Court to provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*."[1]

**IT IS SO ORDERED.**

**DATED: July 31, 2023**

Hon. Cynthia Bashant
**United States District Judge**

---

[1] Plaintiff is cautioned that if he chooses to proceed further by either prepaying the full $402 civil filing fee or submitting a properly supported Motion to Proceed IFP, his Complaint will be screened before service and may be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(B). *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to *sua sponte* dismiss an in forma pauperis complaint that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune); *see also Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing similar screening required by 28 U.S.C. § 1915A of all complaints filed by prisoners "seek[ing] redress from a governmental entity or officer or employee of a governmental entity").

23cv1271