UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARLE S. HOWARD, CDCR #BR6922,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>S.D. CAL.,<br><br>　　　　　　　　　　Defendant. | Case No.: 3:23-cv-01271-BAS-BLM<br><br>**ORDER:**<br><br>**(1) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A [ECF No. 1];**<br><br>**AND**<br><br>**(2) DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT [ECF No. 5]** |

　　　　Earle S. Howard ("Plaintiff" or "Howard"), a state prisoner incarcerated at the California Health Care Facility in Stockton, California and proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 on June 29, 2023. (ECF No. 1.) Plaintiff did not pay the civil filing fee or file a Motion to Proceed in Forma Paupers ("IFP"), and so the Court directed him to either pay the fee or submit a properly supported IFP motion no

later than October 20, 2023. (ECF No. 4.) On October 11, 2023, Plaintiff filed an IFP motion and a trust account statement.[1] (ECF No. 5.)

### I.     Screening Pursuant to 28 U.S.C. §§ 1915(e)(2)

A.     <u>Legal Standard</u>

Plaintiff's Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2). *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curium) (holding 1915(e)(2) screening applies to non-prisoners proceeding IFP). Under this statute, the Court must sua sponte dismiss an IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (concluding a pro se prisoner's documents are deemed filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk"); *see also Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (citation omitted).

B.   <u>Plaintiff's Factual Allegations</u>

Plaintiff alleges he was sentenced to six years in prison for trespassing and violating his probation and has been in custody for twenty-one months. (ECF No. 1 at 3.) In May of 2022, he was transferred from Wasco State Prison and told he "would be given an option or opportunity to be released on ankle monitoring." (*Id.*) Instead, he was sent to the California Health Care Facility. (*Id.*) Because of a detainer from Marin County, Plaintiff has not been released. (*Id.*) Plaintiff claims the deadline for Marin County to act on the detainer has passed. (ECF No. 1 at 3.) He claims this is a violation of his Eighth Amendment rights and that he is being illegally confined and subjected to false imprisonment. (*Id.*)

C.   <u>Discussion</u>

To the extent Plaintiff asks this Court to order his release, he must proceed via a habeas corpus petition and not a Section 1983 action. A Section 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody. *See Preiser v. Rodriguez*, 411 U.S. 475, 499–500 (1973) (challenges to the fact or duration of confinement must brought by petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254); *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). The sole federal remedy for a challenge which seeks a determination that a plaintiff is entitled to immediate release or a speedier release from that imprisonment, however, is a petition for writ of habeas corpus. *Preiser,* 411 U.S. at 499–500; *Nettles*, 830 F.3d at 935.[2]

Further, aside from Plaintiff's failure to explain how this Court is involved in the alleged constitutional violations, the Court is not a proper defendant to this action because the Southern District of California, who Plaintiff names as the sole Defendant, is not a "person" under Section 1983. "Persons" under Section 1983 are state and local officials sued in their individual capacities, private individuals and entities which act under color of state law, or the local governmental entity itself. *See Vance v. Cnty. of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996). A United States District Court is not a person within the meaning of Section 1983. *See Baize v. U.S. Dist. Court, S. Dist. of Cal.*, No. 21-cv-01262-BAS-KSC, 2021 WL 4865517, at *2 (S.D. Cal. Oct. 19, 2021); *Reinhardt v. Beck*, No. 1:11-cv-01015-OWW-SKO, 2011 WL 2909872, at *2 (E.D. Cal. July 15, 2011).

---

[2] Plaintiff may raise his challenge to his continued detention in a federal habeas corpus action once he has exhausted the claim in state court. To properly exhaust his claim, Plaintiff must present the California Supreme Court with a fair opportunity to rule on the merits of the claim and he must allege, in state court, how one or more of his or her federal rights have been violated. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer,* 481 U.S. 129, 133–34 (1987); *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995). For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." *Duncan*, 513 U.S. at 366.

In addition, it does not appear that the United States District Court for the Southern District of California is the proper venue for any claims Plaintiff may have. Venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in–(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff alleges that the events or omissions giving rise to his claims occurred at either Wasco State Prison in Wasco, California, which is located in Kern County, or the California Health Care Facility in Stockton, California, which is located in San Joaquin County. (ECF No. 1 at 3.) Both Kern County and San Joaquin County are within the jurisdictional boundaries of the United States District Court for the Eastern District of California. *See* 28 U.S.C. § 84(d). No claim is alleged to have arisen and no proper Defendant is alleged to reside in either San Diego or Imperial County. *See* 28 U.S.C. § 84(d). Therefore, the Court finds venue is not proper in the Southern District of California. *See* 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488.

Given Plaintiff's pro se status, the Court would normally grant him leave to amend to attempt to sufficiently allege a claim if he can. Here, however, "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (internal quotation marks omitted).

Accordingly, the Court dismisses this action without leave to amend and without prejudice to Plaintiff pursuing his claims in the proper venue.

## II. Motion to Proceed in Forma Pauperis [ECF No. 5]

Because the Court is dismissing this action without prejudice and without leave to amend, Plaintiff's motion to proceed IFP (ECF No. 5) is **DENIED** as moot.

## III. Conclusion and Order

Based on the foregoing, the Court:

1) **DENIES** Plaintiff's Motion to Proceed In Forma Pauperis (ECF No. 5);

2) **DISMISSES** Plaintiff's Complaint (ECF No. 1) *sua sponte* without prejudice and without leave to amend for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

DATED: December 7, 2023

Hon. Cynthia Bashant
United States District Judge